IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jane Hengtgen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   25-CV-4044 |
| | ) | |
| Debt Recovery Solutions, LLC, a New York limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jane Hengtgen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b); Defendant DRS resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Jane Hengtgen ("Hengtgen") is a citizen of the State of Minnesota, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a QuickCredit account.

4. Defendant, Debt Recovery Solutions, LLC ("DRS"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone and/or credit reporting, to collect or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. DRS operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states.

5. Defendant DRS was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant DRS is authorized to conduct business in New York, and maintains a registered agent here, see, record from the New York Department of State, attached as Exhibit A. In fact, Defendants conduct extensive business in New York.

**FACTUAL ALLEGATIONS**

7. Ms. Hengtgen is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for a QuickCredit account. At some point in time after the debt went into default, Defendant DRS allegedly obtained Ms. Hengtgen's QuickCredit account for collections.

8. On June 23, 2025, Ms. Hengtgen's attorney at Legal Advocates for People with Disabilities ('LASPD") informed Defendant DRS, via email, that Ms. Hengtgen was represented by counsel, and directed DRS to cease contact and cease its collection actions, and to note that she questioned the correctness of the debt at issue. Copies of this email letter and delivery confirmation are attached as Exhibit B.

9. Ms. Hengtgen's attorney's letter was emailed to and received by Defendant DRS at the email address listed on its website for contact, see, excerpt of DRS's website page for its contact information, attached as Exhibit C.

10. Undeterred, Defendant DRS continued its collection actions by sending a collection text message on July 11, 2025, directly to Ms. Hengtgen, demanding payment of the QuickCredit debt. A screenprint of this collection text message is attached as Exhibit D.

11. Pursuant to the Consumer Financial Protection Bureau's ("CFPB") Official Interpretations of Regulation F (the "FDCPA"), 12. C.F.R. § 1006.6(c)(1)-1&2:

> **Notification is complete upon receipt.** If, pursuant to § 100.6(c)(1), a consumer notifies a debt collector in writing or electronically using a medium of electronic communication through which a debt collector accepts electronic communications from consumers that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer, notification is complete upon the debt collector's receipt of that information.

See, 12. C.F.R. Part 1006 § 6(c)(1)("Official Interpretations").

12. Accordingly, Ms. Hengtgen had to take the additional time and effort, as well as the expense (about $269.00), to get the illegal collection communication to her attorney at LASPD and then hire another attorney to write to Defendant a letter to reassert that she was represented by counsel, that she refused to pay the debt and to reassert that she disputed the debt that Defendant was trying to collect from her. A copy of this letter is attached as Exhibit E.

13. On July 17, 2025, Ms. Hengtgen obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Ms. Hengtgen's TransUnion credit report is attached as Exhibit F.

## ARTICLE III STANDING

14. In enacting the FDCPA, Congress expressly set forth that the statute was

intended to prevent "abusive Practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection Practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

<u>See</u>, 15 U.S.C. §1692(a) (Abusive practices)(emphasis added).

15. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", <u>see</u>, 15 U.S.C. § 1692c(c).

16. Defendant's continued direct collection actions invaded Plaintiff's right to counsel and intruded upon her seclusion; Defendant's actions were a direct invasion of Ms. Hengtgen's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA.

17. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, <u>see</u>, 15 U.S.C. § 1692e. For example, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/ fraud that, if a debt collector elects to communicate credit information about a

consumer, it must not omit a material piece of information, namely, that the debt is disputed.

18. Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, makes it appear as if Plaintiff does not actually have the right to dispute the debt.

19. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Hengtgen, negatively impacted her credit score, invaded her right to privacy/seclusion, and forced her to retain counsel to direct Defendant to leave her alone and to correctly report that the debt was disputed, all of which cost her time, effort and out-of-pocket expenses, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

20. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications and Cease Collections**

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23. Here, the letter from Ms. Hengtgen's attorneys at LASPD told Defendant to cease communications and cease collections. By continuing to demand payment of this debt, by writing directly to her via text message, Defendant violated § 1692c(c) of the FDCPA.

24. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With a Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

27. Defendant knew that Ms. Hengtgen was represented by counsel in connection with this debt because her attorneys at LASPD had sent a letter directly to Defendant DRS confirming to it, in writing, that she was represented by counsel, and had directed that Defendant cease communicating with her. By writing directly to Ms. Hengtgen, via text message, to attempt to collect the debt, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

28. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692d Of The FDCPA –
### Abusive Collection Actions

29. Plaintiff adopts and realleges ¶¶ 1-20.

30. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

31. Sending Ms. Hengtgen additional collection communications after she demanded that collection communications cease and after being advised that she was represented by an attorney, is conduct, the natural consequence of which harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

32. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692e(8) Of The FDCPA –
### Failing To Report That A Disputed Debt Is Disputed

33. Plaintiff adopts and realleges ¶¶ 1-20.

34. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th

Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

35. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

36. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT V**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

37. Plaintiff adopts and realleges ¶¶ 1-20.

38. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

39. Defendant, by re-reporting the debt on Ms. Hengtgen's credit report, without noting the dispute, when it knew the debt was disputed by Plaintiff, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

40. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Jane Hengtgen, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Hengtgen, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Jane Hengtgen, demands trial by jury.

Jane Hengtgen,

By: s/ *Brian L. Bromberg*
One of Plaintiff's Attorneys

Dated: July 22, 2025

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn New York 11225
(212) 248-7906
brian@bromberglawoffice.com

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

9